IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                             No. 05-3122-SAC
                                03-40097-05-SAC

ROMAN LEMUZ-GARCIA,

       Defendant.

MEMORANDUM AND ORDER

       This case comes before the court on defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and the government's responsive motion to enforce the defendant's plea agreement.

       On July 6, 2004, the defendant entered a guilty plea to one count of conspiracy to distribute more than 500 grams of a methamphetamine mixture, one count of possession of a firearm in furtherance of a drug-trafficking crime, and one criminal forfeiture count.   On February 15, 2005, this court sentenced defendant to serve a total of 150 months. On February 25, 2005, the defendant filed a pro se notice of appeal in the Tenth Circuit Court of Appeals.  On March 11, 2005, defendant filed the present motion.  Thereafter, the Tenth Circuit granted the government's motion to enforce the plea agreement, and dismissed defendant's

direct appeal.  This motion collaterally attacking the sentence remains.  Defendant

contends in this  § 2255 motion that his counsel agreed to appeal his sentencing,

wanted to be paid to do so, but failed to timely do so.

Defendant's plea agreement contains the following clause, captioned

"Waiver of Appeal and Collateral Attack":

> Defendant knowingly and voluntarily waives any right to appeal or collaterally
> attack any matter in connection with this prosecution, conviction and
> sentence.  The defendant is aware that Title 18, U.S.C. §
> 3742 affords a defendant the right to appeal the conviction and sentence
> imposed.  By entering into this agreement, the defendant knowingly waives
> any right to appeal a sentence imposed which is within the guideline range
> determined appropriate by the court.  The defendant also waives any right to
> challenge a sentence or otherwise attempt to modify or change his
> sentence or manner in which it was determined in any collateral attack,
> including, but not limited to, a motion brought under Title 28, U.S.C. § 2255
> [except as limited by *United States v. Cockerham*, 237 F.3d
> 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18 U.S.C. §
> 3582(c)(2).  In other words, the defendant waives the right to appeal the
> sentence imposed in this case except to the extent, if any, the
> court departs upwards from the applicable sentencing guideline range
> determined by the court.  However, if the United States exercises its right to
> appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the
> defendant is released from this waiver and may appeal his sentence as
> authorized by Title 18, U.S.C. § 3742(a).

Dk. 192, ¶ 12.

Defendant does not contend that the present motion is outside the

scope of his waiver, that his plea was not freely, voluntarily or intelligently made,

that he received ineffective assistance of counsel regarding the validity of the plea

2

or the waiver, that the court relied on an impermissible factor, or that the agreement is otherwise unlawful.  Because defendant's plea agreement explicitly states that defendant is waiving a particular right, because the court is assured through its colloquy with defendant at the time of the plea that his waiver was freely, voluntarily or intelligently made, and because no exceptions noted above are present, the court will hold defendant to that waiver.  *See United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001) (holding a waiver of § 2255 rights in a plea agreement is generally enforceable, unless it falls within the exceptions noted above), *cert. denied*, 534 U.S. 1085 (2002); *see also United States v. Anderson*, 374 F.3d 955,959 (10th  Cir. 2004) (defendant has the burden to demonstrate that the appeal waiver results in a miscarriage of justice); *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004).

IT IS THEREFORE ORDERED that defendant's motion to vacate his sentence under 28 U.S.C. § 2255 (Dk. 250) is denied and that the government's motion to enforce the plea (Dk. 270) is granted.

Dated this 13th day of December, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

3